S. Samuel Di Falco, S.
This is an appeal by the executors from the pro forma order of April 3, 1961 fixing the estate tax *181 on the appraiser’s report. The ground of appeal is that the appraiser has erroneously included in the gross estate the sum of $212,692.42, representing the value of a remainder interest of a trust fund created in the will of Seligman Manheimer, the father of this decedent who died on October 17, 1932. The decedent died on April 24, 1956 and both estates were taxed under the Estate Tax Law as distinguished from the old Transfer Tax Law. The issue is whether this decedent received a vested or contingent interest in the remainder of the residuary trust created by the Seventh paragraph of the will of Seligman Manheimer. That paragraph of the will provides that if both the decedent’s wife, Juliette and his son, Jacob survive the testator, the residue of the estate is to be held in trust and the income paid to the wife and son, Jacob in equal shares during the natural life of the wife. The remainder is disposed of as follows: “Upon her death, I direct that the said trust shall end and the entire corpus or principal sum thereof shall be transferred or paid over to my son, Jacob S., his heirs and assigns, absolutely and forever”. -Standing alone this provision unquestionably gives the son, Jacob a vested interest in the remainder which would come into his estate upon the death of his mother who is still living. The Sixth paragraph of the will however provides: “It is my wish that if any time either before or after my death, my son, Jacob S. shall die, leaving issue him surviving, that such issue shall take under this will such interest as their father would have taken, had he been alive, share and share alike, per stirpes and not per capita”. This decedent was survived by his two children, William and Mildred.
It is clear from this paragraph and from the entire provisions of the will that the decedent intended that the issue of Jacob would take their father’s share in the event of his death either before or after the death of the testator. The Eighth paragraph of the will provides that in the event the son Jacob predeceases the testator “without leaving issue him surviving ”, then the entire residue is to be held for the benefit of his wife for life and on her death is to be paid over to his brothers and sisters. Paragraph Tenth provides that in the event both the wife and the son predecease the testator and “ my son leaving no issue who survive me ”, then the residuary estate is to be paid to the brothers and sisters of the testator and their issue. These paragraphs clearly demonstrate the intention of the testator to benefit collaterals only in the event his son Jacob died without leaving issue him surviving. The contention of the State Tax Commission that the absolute nature of the gift contained *182 in paragraph Seventh may not be cut down by the language of paragraph Sixth is without merit. There is no inconsistency between the provisions of paragraph Sixth and paragraph Seventh and it is only by giving full effect to paragraph Sixth that the intent of the testator to benefit Ms descendants can be effectuated. ]
The court holds that the decedent received a vested interest ^ ¡ m the remainder of the trust subject to be divested in the event he predeceased the life tenant leaving issue Mm surviving (see Matter of Krooss, 302 N. Y. 424; Matter of Larkin, 9 N Y 2d 88). A vested interest which is subject to being divested is nonetheless contingent and it was improper to include the value of the remainder of the trust created by Seligman Manheimer in this decedent’s taxable estate. The appeal is sustained. Submit order on notice modifying the order fixing the tax in accordance with this decision.